IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 2:16-CR-072-D(1) |
| § | |
| ARTURO SALAZAR, JR., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses three motions for discovery filed by defendant Arturo Salazar, Jr. ("Salazar"), and a motion for discovery filed by the government. Salazar is charged in count one of the superseding indictment with the offense of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii), and in count two with the offense of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The following motions are pending for decision: Salazar's November 15, 2016 motion for discovery and inspection; Salazar's November 15, 2016 motion for discovery and inspection under Rule 16(a)(1)(G); Salazar's November 15, 2016 discovery motion — extraneous acts; and the government's April 10, 2017 motion for discovery. The trial is set for September 11, 2017.

I

In Salazar's motion for discovery and inspection, he moves for 15 categories (including subcategories) of discovery. The court has organized some of Salazar's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16(a)(1)-Based Discovery Requests*

In requests Nos. 1-5 and 13,[1] Salazar requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(G).

In request No. 1, Salazar requests that the government be ordered to disclose any written or recorded statements, including audio or video recordings, made by Salazar to any person, including persons who are not government agents, that are within the possession, custody, or control of the government, including the substance of any statements made by Salazar, whether before or after arrest, to any government attorney, or to a person known by Salazar to be a government agent or law enforcement officer, including probation, parole, or state police officers,[2] that the government intends to offer in evidence at trial or that are of relevance to the prosecution. He also requests disclosure of any oral statement made to any

---

[1] Salazar has followed a different numbering system than the one the court follows. For ease of reference, the court will treat each category as if it had been sequentially numbered in the manner set forth in this memorandum opinion and order.

[2] Salazar also requests that the court order the Assistant United States Attorney to interview each government agent who spoke with Salazar in order to ascertain the substance of any oral statements made. The court declines to instruct the government regarding the specific steps it must take to comply with its discovery obligations.

person that goes to any element of the offense; any statements made by him in response to *Miranda*-type warnings; and any grand jury testimony given by him that relates in any way to the offense charged and the names of any grand jury witness who may testify at trial.

In request No. 2, Salazar requests that the government be ordered to disclose a copy of his prior criminal record,[3] including the disposition of the case.

Salazar requests in request No. 3 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, buildings, or places that are material to the preparation of his defense, are intended to be used by the government at trial, or were obtained from or belong to Salazar. This request includes any drugs and drug experiments; weapons; handwriting exemplars and fingerprint cards; photographic spreads or line-ups of Salazar[4]; agency manuals, directives, rules, or bulletins, including personnel manuals and rules; out-of-district documents possessed by government agencies to which the prosecution has knowledge and access; and classified documents. Salazar also requests access to any drugs in order to weigh the drugs and/or to make an independent chemical analysis of the drugs.

In request No. 4, Salazar requests that the government be ordered to disclose any results or reports of all physical or mental examinations and of scientific tests or experiments

---

[3] He also requests the criminal records of each codefendant. Because there are no codefendants in this case, this request is denied.

[4] This request also includes photographic spreads or lineups of codefendants. This request is denied as inapposite. *See supra* note 3.

made in connection with this case that are material to the preparation of the defense or are intended for use by the government as evidence at trial. This request includes laboratory reports concerning the results of any drug tests (including negative test results); fingerprint or voice comparison analysis; handwriting analysis; footprint reports; psychiatric examinations of Salazar or of a government witness; the underlying data and programs for any computer study results; and agency testing procedures.[5]

In request No. 5, Salazar requests that the government produce the statements of any alleged coconspirator or codefendant.[6]

Salazar requests in request No. 13 that the government be ordered to disclose any electronic surveillance logs and transcripts concerning Salazar and/or any witness, including documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations.

To the extent that Salazar requests discovery that the government is required to disclose under Rules 16(a)(1), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what

---

[5]Salazar requests that the court order the government to provide him with the requested results or reports in a timely fashion and to give him notice of the government's intended use of scientific tests or expert witnesses so that he will have adequate time to obtain an expert to assist in preparing his defense. The government must comply with its discovery obligations by the deadline specified *infra* at § IV.

[6]There is no codefendant, so this request is inapposite to that extent.

is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § IV.

### B

### *Informants*

Salazar requests in request No. 7 that the government be ordered to disclose the identity of any informant in this case who was a percipient witness to or participated in the alleged offense. Salazar also requests that the government provide him with information to locate or contact any informant; produce any informant at a time and place ordered by the court for an interview with defense counsel; produce any informant at trial at Salazar's request; and produce the prior criminal record of any informant, any promises of immunity or consideration made to any informant, the identification of any informant's prior testimony, any evidence of psychiatric treatment of any informant, and any evidence of narcotic habits of any informant.

If the government has used an informant in investigating or prosecuting Salazar, it must notify the court *in camera* no later than July 31, 2017.

### C

### *Government Investigation Notes*

In request No. 8, Salazar requests that the government be ordered to disclose any notes and/or memoranda made by a government agent, including any person who may have been

acting as an informer, or in an investigative or undercover capacity.[7] Salazar also requests that, if such notes and memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction.

To the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

D

*Government Communications to Salazar*

In request No. 9, Salazar requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of adversarial proceedings against him. Salazar further requests that the government be ordered to disclose the identity of any such individuals and the details surrounding the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Salazar, it must notify the court *in camera* no later than July 31, 2017. With respect to other individuals, to the extent Salazar requests discovery that the government is required to

---

[7]*See supra* at § I(B) for discussion of disclosure of any informant's identity.

disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § IV.

E

*Witness Statements, Statements of Individuals Who Will Not Be Witnesses, and List of Government Witnesses*

In request No. 10, Salazar requests that the government be ordered to disclose any witness statements at least 24 hours before the witness testifies at trial or at any sentencing hearing. Salazar requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness. Salazar also requests that the government be ordered to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Salazar also seeks to discover the personnel files of any government witness.

In request No. 11, Salazar requests that the government be ordered to disclose any statements (whether written, oral, or video or audio recorded) of percipient witnesses or individuals who may have information relevant to the case who the government does not intend to call as a witness at trial.

In request No. 14, Salazar requests that the government be compelled to disclose the

names and addresses of all witnesses to the actions described in the indictment, including any percipient witnesses or individuals who may have information relevant to the case who the government does not intend to call during trial.

To the extent Salazar requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government will also be expected to comply with the witness list requirement of N.D. Tex. Crim. R. 16.1(b).

F

Brady *and* Giglio *Material*

Salazar requests in request No. 12 that the government be ordered to produce any evidence in the possession of the government or its agents that would tend to exculpate the defendant under *Brady* or that would impeach the government witnesses under *Giglio*. Salazar lists 19 subcategories of evidence that he maintains would be exculpatory.

To the extent Salazar requests discovery that the government is required to disclose under *Brady* or *Giglio*, the motion is granted. To the extent his requests exceed what *Brady* or *Giglio* requires, the motion is denied.

G

*Sentencing Guidelines Evidence*

Salazar requests in request No. 15 any evidence relevant to the Sentencing Guidelines, including evidence that the government intends to rely on to prove Salazar's role in the

offense; evidence that Salazar obstructed or impeded the proceedings; evidence of aggravating specific offense characteristics that the government believes should be applicable to the charges against Salazar; Salazar's prior criminal record; any grounds on which the government will argue for an upward departure from the applicable guideline range; any facts, information, or other evidence that could give rise to an argument for a downward departure from the applicable guideline range; any other *Brady* and favorable guidelines material (he lists seven subcategories); and any Jencks Act material of any government witness who testifies at any sentencing hearing.

To the extent the government is obligated under Rule 16, 26.2, or 32, *Brady*, *Giglio*, or the Jencks Act to produce such information, the motion is granted; otherwise, the motion is denied. If Salazar is convicted, the government must comply with its obligations no later than the date it is required by court order to file objections to, or its statement adopting, the presentence report.

H

*Other Crimes, Wrongs, or Acts*

In request No. 6, Salazar requests advance notice of any evidence of other crimes, wrongs, or acts by him that the government intends to introduce at trial under Fed. R. Evid. 404(b).

The court grants the motion to the extent that the government must comply with Rule 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § IV.

II

In Salazar's motion for discovery and inspection under Rule 16(a)(1)(G), he requests a summary of any opinion testimony that the government intends to offer under Fed. R. Evid. 702, 703, or 705. Salazar requests that the summary include the witness' opinions, the bases and reasons for the opinions, and the witness' qualifications. The government has not responded to Salazar's motion.

The court grants the motion to the extent that the government must comply with its obligations under Rule 16(a)(1)(G), and it must do so no later than the deadline specified *infra* at § IV.

III

In Salazar's discovery motion — extraneous acts, he moves the court to compel the government to disclose evidence of any prior convictions, alleged violations of the law not alleged in the indictment, or extraneous acts allegedly done by Salazar or a coconspirator in this case. The government has not responded to Salazar's motion.

The court grants the motion to the extent that the government must comply with Rule 16(a)(1)(D), and its obligations under *Brady* and *Giglio*; otherwise, the motion is denied.

IV

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than August 7, 2017.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the

custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which a defendant will begin his cross-examination of a witness.

V

The government moves for discovery under Rule 16(b). It maintains that it has disclosed, or is in the process of disclosing, to Salazar the evidence in the government's possession that is subject to discovery under Rule 16(a)(1), and it moves the court to order Salazar to comply with the obligations imposed by Rule 16(b)(1)(A), 16(b)(1)(B), and 16(b)(1)(C). The government also moves the court to permit the government—at the time a defense witness testifies at trial—to examine, inspect, and copy any evidence, material, or matters that might impeach or discredit the credibility of witnesses whom the defendant intends to call at trial, and to permit the government to examine, inspect, and copy any statements of any witnesses, written, oral, summarized, and/or adopted by said witnesses, including investigator's notes and work papers, that the defendant calls as a witness at the trial. Salazar has not responded to the motion.

To the extent the government is entitled to discovery under Rule 16(b)(1) and has satisfied any applicable prerequisite prescribed by that rule, the court grants the motion; otherwise, the motion is denied. Salazar must make the required disclosures no later than the

deadline specified *supra* at § IV.

**SO ORDERED**.

July 19, 2017.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE