```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            AMARILLO DIVISION
```

UNITED STATES OF AMERICA, §
§
      Plaintiff, §
§
VS. § Criminal No. 2:16-CR-072-D(1)
§
ARTURO SALAZAR, JR., §
§
      Defendant. §

## MEMORANDUM OPINION AND ORDER

Defendant Arturo Salazar, Jr. ("Salazar") moves the court to reconsider its denial of his motion to suppress. For the reasons that follow, the court denies the motion.

I

On January 30, 2017 Salazar moved to suppress and preclude the government from introducing as evidence at trial the contraband (24 bundles of a substance alleged to be methamphetamine) seized during a November 4, 2016 traffic stop, and all evidence, photographs, and statements made by Salazar. *See United States v. Salazar*, 2017 WL 1281131, at *1 (N.D. Tex. Apr. 6, 2017) (Fitzwater, J.) ("*Salazar I*"). Following an evidentiary hearing, the court denied Salazar's motion, concluding, *inter alia*, that the prolonged traffic stop was supported by reasonable suspicion and that Texas Department of Public Safety Trooper Max Honesto ("Trooper Honesto") had probable cause to conduct a warrantless search of Salazar's vehicle once Salazar admitted that he had drugs and drug paraphernalia in his vehicle. *Id.* at *8. In his present motion, Salazar moves the court to

reconsider its decision in *Salazar I*, and hold that his confession to Trooper Honesto was obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

II

The court, in its discretion, denies Salazar's motion to reconsider. *See United States v. Jarman*, 847 F.3d 259, 264 (5th Cir. 2017) ("This Court 'generally review[s] the denial of a motion to reconsider for abuse of discretion.'" (alteration in original) (quoting *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008))). In his January 30, 2017 motion, Salazar moved to suppress evidence obtained as a result of the November 4, 2016 traffic stop on the sole ground that Salazar's "prolonged seizure after his denial of consent to search his car was unreasonable under the Fourth Amendment." D. 1/30/17 Br. 2. Salazar acknowledges in his motion to reconsider that he did not contend in his January 30, 2017 motion to suppress that his confession was coerced or obtained in violation of his *Miranda* rights or any other constitutional rights. D. Br. 1.[*] He instead urges the court to reconsider its opinion in *Salazar I* on the basis of a statement that his attorney made during closing argument at the suppression hearing. D. Br. 1 (citing Tr. 87-88). The court declines to do so.

Salazar neither raised nor briefed in his motion to suppress the contention that his confession during the November 4, 2016 traffic stop was obtained in violation of his *Miranda*

---

[*]In *Salazar I* the court noted in a footnote that "Salazar did not argue in his brief or during the suppression hearing that his confession was coerced or obtained in violation of his *Miranda* rights or any other constitutional rights." *Salazar I*, 2017 WL 1281131, at *7 n.4.

rights or other constitutional rights. The court will not reconsider its decision in *Salazar I* based on an argument raised for the first time during closing argument. *See, e.g., United States v. Dunn*, 142 Fed. Appx. 822, 823 (5th Cir. 2005) (per curiam) (defendant waived argument that seizure exceeded scope of warrant when he did not raise the issue in his pretrial motion to suppress, "and explicitly limited his motion to an attack on the sufficiency of the affidavits at his suppression hearing."); *N.C. All. for Transp. Reform, Inc. v. U.S. Dep't of Treasury*, 713 F.Supp.2d 491, 510 (M.D.N.C. 2010) ("Raising . . . new arguments for the first time at oral argument undermines the purpose of orderly briefing and risks subjecting an opponent to an unfair disadvantage."). Accordingly, the court denies Salazar's motion.

\* \* \*

Salazar's August 10, 2017 motion to reconsider is denied.

**SO ORDERED**.

August 28, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE